**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **TOLU SODIMU,**<br><br>       **Plaintiff,**<br><br>      **v.**<br><br>**NADU TUAKLI, ,M.D.,** *et al.***,**<br><br>       **Defendants.** | **Civil Action No.  AW-05-413** |

## MEMORANDUM OPINION

Plaintiff Tolu Sodimu ("Plaintiff" or "Sodimu") filed this diversity action against Defendants alleging medical negligence under the Health Care Malpractice Claims Act ("HCMC Act"), Md. Cts. & Jud. Proc. Code Ann. § 3-2A-01, *et seq*. Defendants removed this action from the Circuit Court for Prince George's County, Maryland. Currently before the Court is Defendants Motion to Dismiss [9]. The motion has been fully briefed and is ripe for consideration. No hearing is deemed necessary. See Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Plaintiff's Motion to Dismiss is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are taken from Plaintiff's complaint. On November 14, 2001, Sodimu had the "Obagi Blue Peel" applied to her face at the office of Dr. Nadu Taakli, which was prepared by Marnie Runyan ("Runyan"), an agent for Defendant WorldWide Products, Inc. Sodimu alleges that Runyan breached her duty to prepare the appropriate strength peel for her skin type, and that Defendants OMP, Inc., Obagi, Inc., and WorldWide Products, Inc. failed to properly train and supervise Runyan in this regard. As a result of the alleged breaches of care, Sodimu was excessively burned by the peel.

On November 12, 2004, Plaintiff filed her Statement of Claim in the Circuit Court for Prince

George's County, Maryland. On February 11, 2005, Defendants removed this action from the Circuit Court to this Court based on diversity jurisdiction. On April 15, 2005, Defendants filed a Motion to Dismiss. This motion is ripe and an Opinion is now issued.

**DISCUSSION**

I.  Applicable Law

The Maryland HCMC Act requires that all malpractice claims alleging damages in excess of $20,000.00 be subject to arbitration and be initially filed with the Health Claims Arbitration Office. See Md. Cts. & Jud. Proc. Code Ann. §3-2A-02(a), 3-2A-04(a). Arbitration is a condition precedent to filing a malpractice action. See Davidson v. Sinai Hosp. of Baltimore, Inc., 617 F.2d 361, (4th Cir. 1980) (holding that under the Maryland Health Care Malpractice Claims Act, a suit is barred unless the claim is first "presented to arbitration," and "that compliance with this statute is a condition precedent to the bringing of the action"). Under Maryland law, courts must "order an action dismissed where the litigants have not followed the special statutory procedure" of the HCMC Act "prior to filing the action in circuit court"). Schwartz v. Lilly, 53 Md. App. 318, 324 (1982).

II.  Analysis

Defendants seek dismissal of Plaintiff's case for failure to comply with the procedural requirements of HCMC Act. Specifically, Defendants argue that this matter should be dismissed because Plaintiff has failed to file her claim in the Health Claims Arbitration Office. Plaintiff does not dispute that she has failed to file her claim in the Health Claims Arbitration Office. Nevertheless, Plaintiff argues that she is not subject to the provisions of the HCMC Act because her action is within the concurrent jurisdiction of both the Maryland District Court and a court of general jurisdiction. In other words, Plaintiff contends that because

her addedum clause in the action against Dr. Tuakli has claimed $25,000.00, her action is within the concurrent jurisdiction of the District Court[1] and therefore not subject to the provisions of the HCMC Act.

Under Maryland law, the term "joint tort-feasors" is defined as "two or more persons jointly or severally liable in *tort* for the same injury to person or property, whether or not judgment has been recovered against all or some of them." Baker, Watts & Co. v. Miles & Stockbridge, 95 Md. App. 145, 188 (1993). Joint tortfeasors have a right to contribution under the Maryland Uniform Contribution Among Tort-feasors Act. Md. Ann. Code art. 50, § 16, *et seq*. "The right to contribution, which a concurrent wrongdoer may have from another culpable party, arises from the duty each of the wrongdoers owes to the injured party." Baker, Watts & Co., 95 Md. App. at 188.

As applied here, Plaintiff has presented three causes of action against Defendants that sound in tort — negligence, products liability, and medical negligence. Each cause of action arises from Plaintiff's injuries

---

[1] The applicable Maryland provisions state:

Except as provided in § 4-402 of this subtitle, and subject to venue provisions of Title 6 of this article, the District Court has exclusive original civil jurisdiction in:
    (1) An action in contract or tort, if the debt or damages claimed do not exceed $25,000, exclusive of prejudgment or postjudgment interests, costs, and attorney's fees if attorney's fees are recoverable by law or contract.

Cts. and Jud. Proc. Art. § 4-401(2). Additionally, Cts and Jud. Proc. Art. § 4-402(d) states:

*Concurrent jurisdiction cases.* — (1)(i) Except in a case under paragraph (2), (4), or (6) of § 4-401 of this subtitle, the plaintiff may elect to file suit in the District Court or in a trial court of general jurisdiction, if the amount in controversy exceeds $5,000, exclusive of prejudgment or postjudgment interest, costs, and attorney's fees if attorney's fees are recoverable by law or contract.

sustained from the application of an allegedly inappropriate skin peel for Plaintiff's skin type. Because under the theory of "joint and several liability," liability may be apportioned among the parties, or imposed wholly on one party, individual Defendant Dr. Tuakli could be exposed to the entire award Plaintiff collects. In other words, although Plaintiff only alleges $25,000.00 in an ad damnum clause against Dr. Tuakli, Dr. Tuakli may also be liable for the $99,999.99 Plaintiff prays for against the remaining Defendants.

In short, the total claims against the Defendants far exceed the $25,000.00 amount which would exempt Plaintiff from the HCMC Act. Hence, the actual amount in controversy exceeds $25,000.00, and therefore Plaintiff is subject to the requirement of mandatory arbitration provided by the HCMC Act.

Additionally, the record shows that Plaintiff filed her tort claims in state court on November 12, 2004. Plaintiff does not allege, nor does the record show, that Plaintiff complied with her procedural obligations under the HCMC Act to first file her claim with the Health Claims Arbitration Office, this action must accordingly be dismissed.

## CONCLUSION

For the aforementioned reasons, Defendants Motion to Dismiss is GRANTED. A separate Order will follow.

May 24, 2005                                           /s/
Date                                               Alexander Williams, Jr.
                                                   United States District Judge

4