**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| TOLU SODIMU, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-05-413 |
| OMP, INC., *et al.*, | * | |
| Defendants/Third-Party Plaintiffs, | * | |
| v. | * | |
| NADU TUAKLI, M.D. and NADU TAKLI, M.D. d/b/a FAMILY MED CARE OF COLUMBIA, | * | |
| Third-Party Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Tolu Sodimu ("Sodimu" or "Plaintiff") brings this action against Defendants Omp, Inc. ("Omp") and Marnie L. Runyan Godfrey ("Godfrey") (collectively "Defendants"), asserting claims of negligence and products liability. Currently pending before the Court is Defendants' Motion for Summary Judgment [54]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motions. On April 24, 2007, the Court held a hearing concerning the motions and heard from all the parties. Having considered the arguments of Plaintiff and Defendants, and for the reasons articulated at the hearing and briefly discussed below, the Court will GRANT Defendants' motion for summary judgment.

1

**FACTUAL & PROCEDURAL BACKGROUND**

The following facts are taken in the light most favorable to the Plaintiff. On November 14, 2001, Plaintiff had the Obagi Blue Peel ("Blue Peel") applied to her face at the office of Doctor Nadu A. Tuakli ("Dr. Tuakli"), which was prepared by Defendant Godfrey, an Obagi Sales Representative. Sodimu alleges that Godfrey breached her duty to prepare the appropriate strength peel for her skin type and that Dr. Tuakli breached her duties to inform Plaintiff of the potential risks of the skin peel and to use a skin peel strength appropriate for Plaintiff's pigmentation. As a result of the alleged breaches of care, Sodimu was excessively burned by the peel. Plaintiff, who does not assert that she suffered permanent injury to her face, asserts that she suffered a significant injury as a result of the application of the Blue Peel. Furthermore, Plaintiff claims that as a direct result of the Blue Peel procedure, she sought treatment from Daniel P. Markmann, M.D., a plastic surgeon, for hyperpigmentation, and Patrick S. Sheehan, M.D., a psychiatrist, for a major depressive disorder.

Consequently, on November 12, 2004, Plaintiff filed her three count Complaint in the Circuit Court for Prince George's County, Maryland against Godfrey and Dr. Tuakli, alleging negligence (Counts I and III), and against Omp asserting a claim for products liability for defective warning (Count II). On February 11, 2005, Defendants removed this action from the Circuit Court to this Court based on diversity jurisdiction. On April 15, 2005, Dr. Tuakli filed a motion to dismiss for failure to comply with the procedural requirements of the Maryland Health Care Malpractice Claims Act ("HCMC Act"), arguing that the HCMC Act barred the suit because Plaintiff had failed to follow the special statutory procedure. In May 2005, the Court issued a Memorandum Opinion [12] and Order [13] granting Dr. Tuakli's motion to dismiss, dismissing the medical negligence claim (Count III), and an Amended Order [14] dismissing Dr. Tuakli from Plaintiff's action.

Subsequently, on January 23, 2006, Defendants filed a Third Party Complaint [27] against Dr. Tuakli for contribution. On October 6, 2006, Defendants filed an Amended Third Party Complaint [52] against Third Party Defendants Dr. Tuakli and Nadu Tuakli, M.D. d/b/a Family Med Care of Columbia (collectively "Third Party Defendants") for all sums, or for a *pro rata* share of all sums, adjudged against them and in favor of Plaintiff. Currently pending is Defendants' motion for summary judgment. The motion is ripe and the Court now issues this Memorandum Opinion.

### STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a party is entitled to summary judgment if it demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). In a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325. When faced with a motion for summary judgment, Rule 56(e) requires the non-moving party "to go beyond the pleadings" and show the existence of a genuine issue for trial, by way of affidavits, deposition testimony, or answers to interrogatories. *Id.* at 324; *see also Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the non-movant is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### ANALYSIS

On October 25, 2006, Defendants moved for summary judgment based on the learned intermediary doctrine and lack of evidence of Plaintiff's negligence based claim. Defendants allege

3

that they should be entitled to judgment as a matter of law because Defendants did not provide defective warnings for the Blue Peel product, as asserted, and that Plaintiff's opposition fails to cite any admissible testimony establishing a genuine dispute of material fact that Defendants were negligent.  The Court will address each of Defendants' arguments in turn.

1.  Count II: Products Liability - Defective Warning

There are three types of product defects that can support a products liability claim:  design defects, manufacturing defects, and failure to warn defects.  *Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 421-22 (D. Md. 2001) (citing *Simpson v. Standard Container Co.*, 527 A.2d 1337, 1339-40 (Md. Ct. Spec. App. 1987)).  Here, Plaintiff claims that Omp failed to warn her about hyperpigmentation. Maryland recognizes the learned intermediary doctrine.  *See Nolan v. Dillon*, 276 A.2d 36, 40 (Md. 1971); *Hunt by Hunt v. Hoffmann-La Roche, Inc.*, 785 F. Supp. 547 (D. Md. 1991). Under the learned intermediary doctrine, the manufacturer of medical devices has no duty to warn the patient of the risks associated with products used under the supervision of a doctor.  *See Doe v. Miles Laboratories, Inc.* 927 F.2d 187, 194 (4th Cir. 1991); *Lee v. Baxter Healthcare Corp.*, 721 F. Supp. 89, 94-95 (D. Md. 1989), *aff'd*, 898 F.2d 146 (4th Cir. 1990); *Fellows v. USV Pharmaceutical Corp.*, 502 F. Supp. 297 (D. Md. 1980).

The manufacturer's duty to warn is limited to adequately informing the patients' doctor of any risks associated with the product's use.  *Brooks v. Medtronic*, 750 F.2d 1227 (4th Cir. 1984); *Lee*, 721 F. Supp. at 95.  A warning is legally adequate when it explains the risk which the plaintiff alleges has caused the injury.  *Weinberger v. Bristol-Myers Co.*, 652 F.Supp. 187, 191 (D. Md. 1986); *Foster v. American Home Products Corp.*, 29 F.3d 165, 171 (4th Cir. 1994).  The warning must only be reasonable, not the best possible one. Therefore, as Omp's only duty was to warn Dr. Tuakli of these

risks, the relevant inquiry is whether Dr. Tuakli was adequately warned.

Here, the record reflects that Dr. Tuakli was fully warned of the risks. Specifically, Dr. Tuakli acknowledged receiving the Omp "Training Manual" for Physicians (Defs.' Ex. 3A), which specifically warns that "*Post-Inflammatory hyperpigmentation* Occasionally occurs in type III and VI skin and responds quickly to treatment with the Obagi Nu-Derm program. Some patients may need another, lighter peel." (Defs.' Ex. 6; Dr. Tuakli Dep. 89-98, Aug. 30, 2006 and Defs.' Ex. 7; Godfrey Dep. 32-33, Jul. 31, 2006). Furthermore, Godfrey contends that on the day of the procedure she provided Dr. Tuakli with: 1) Obagi Blue Peel Training Indemnification and Release (Defs.' Ex. 4A); 2) Obagi Blue Box Label and Technical Kit Instructions (Defs.' Ex. 4B); and 3) Patient Home Care Instructions (Defs.' Ex. 4C). (Defs.' Ex. 7; Godfrey Dep. 31-32). Absent evidence to the contrary, there appears to be no genuine dispute of material fact that, as Omp adequately warned Dr. Tuakli, the learned intermediary, of the potential risks of post-inflammatory hyperpigmentation, Omp owed no duty to warn Plaintiff of any attendant risks. Furthermore, Dr. Barry J. Cohen, Plaintiff's own expert witness, stated that even in his own practice, when he has allowed representatives into his treatment room and even after accepting input from the representatives, that he would use his own medical judgment and expertise and the ultimate decision on how to treat his patients rested with him. (Cohen Dep. 77: 2-14, Sept. 29, 2006). Therefore, for the reasons briefly articulated here, and more fully set forth at the motions hearing, the Court will GRANT Omp's motion for summary judgment as to Plaintiff's failure to warn claim.

<u>2. Count I: Negligence</u>

Plaintiff alleges that Omp was negligent in training and supervising Godfrey and that Godfrey herself was negligent in marketing the Blue Peel procedure. Ordinarily, under Maryland law, to

establish a cause of action in negligence, a plaintiff must prove the existence of four elements: a duty owed to her, a breach of that duty, a legally cognizable causal relationship between the breach of duty and the harm suffered, and damages. *Jacques v. First Nat'l Bank*, 515 A.2d 756, 758 (Md. 1986) (citations omitted). Preliminarily, the Court notes that the record is bereft of any evidence suggesting negligent training and supervision. At the April 24, 2007 motions hearing, Plaintiff conceded that her negligent training, supervision, and marketing claims were essentially rooted in a failure to warn claim. A failure to warn claim, under either negligence or strict liability, requires the following elements: (1) that the defendant owed a duty to warn; (2) that the defendant breached that duty; (3) that there was a direct causal connection between the defendant's failure and the alleged injuries; and (4) that the plaintiff was harmed. *Higgins v. Diversey Corp.*, 998 F.Supp. 598, 604 (D. Md. 1997). Here, Plaintiff fails to adequately establish the first prong of the failure to warn claim; that Defendants owed her a duty. Therefore, as the negligent failure to warn inquiry here is the same as the failure to warn claim under the product's liability theory discussed *supra*, and at the motions hearing, the Court will GRANT Omp's motion for summary judgment as to the negligence claim.

## CONCLUSION

For all the reasons articulated here and set forth in the hearing, the Court will GRANT Defendants' Motion for Summary Judgment [54]. In light of the Court's granting of Defendants' Motion for Summary Judgment, the Third Party Complaint is therefore moot and the Court will dismiss it accordingly. An Order consistent with this Opinion will follow.

Date:  April 25, 2007                                         /s/
                                                              Alexander Williams, Jr.
                                                              United States District Court Judge